UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 MAY -8 P 3: 47

CLERK OF COURT

ADRIAN JOHNSON and CEARRA R. WARNE,

Plaintiffs,

v.

BREWERY CREDIT UNION,
DARNIEDER & SOSNAY,
MICHAEL A. SOSNAY,
KRISTIN BROJANAC,
MATTHEW SWANSON,
and RENAE WITTLIEF,

Defendants.

**26-C-0821**

Case No. _____

COMPLAINT FOR DAMAGES AND QUIET TITLE
(42 U.S.C. §§ 1981, 1982, 1983; FAIR HOUSING ACT, 42 U.S.C. § 3601 et seq.;
WIS. STAT. §§ 706.13, 841.01; and STATE COMMON LAW)

---

DEMAND FOR JURY TRIAL

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331

over Plaintiffs' claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1981, 1982, 1983 and the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state law claims for slander of title under Wis. Stat. § 706.13, quiet title under Wis. Stat. § 841.01, and intentional infliction of emotional distress.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the property is located in Milwaukee County and all wrongful acts occurred in this district.

4. An actual controversy exists between the parties concerning ownership of real property located at 2931 N. 29th Street, Milwaukee, Wisconsin. Plaintiffs seek declaratory and injunctive relief, and actual, compensatory, punitive and statutory damages.

II. PARTIES

5. Plaintiff ADRIAN JOHNSON is a natural person and citizen of Wisconsin. He is the true owner of the real property located at 2931 N. 29th Street, Milwaukee, Wisconsin. Legal title is held by his wholly owned entity, Affordable Foundations LLC (Wis. LLC #A102626), for his sole benefit.

6. Plaintiff CEARRA R. WARNE is a natural person and citizen of Wisconsin. She is the mother of Adrian Johnson's children. During his incarceration (2014-2022) she served as his Power of Attorney, acting in good faith. She has formally relinquished all interest in the subject property and joins this action to seek redress for the harms caused by

2

Defendants' conduct.

7. Defendant BREWERY CREDIT UNION ("BCU") is a Wisconsin-chartered credit union with its principal place of business at 1351 Dr. Martin Luther King Jr. Drive, Milwaukee, Wisconsin.

8. Defendant DARNIEDER & SOSNAY is a Wisconsin law firm with its principal place of business at 735 N. Water Street, Suite 205, Milwaukee, Wisconsin.

9. Defendant MICHAEL A. SOSNAY is an individual attorney and agent of Darnieder & Sosnay, residing and practicing in Milwaukee, Wisconsin.

10. Defendant KRISTIN BROJANAC is the President and CEO of Brewery Credit Union, residing and acting in Milwaukee County, Wisconsin.

11. Defendant MATTHEW SWANSON is the Vice President of Operations of Brewery Credit Union, residing and acting in Milwaukee County, Wisconsin.

12. Defendant RENAE WITTLIEF is an employee of Brewery Credit Union, residing and acting in Milwaukee County, Wisconsin.

## III. FACTUAL ALLEGATIONS

### A. The Property and the City's Restrictive Covenant

13. On September 26, 2018, the City of Milwaukee recorded a Quit Claim Deed (Document #10816439) conveying the property at 2931 N. 29th Street to Cearra Warne with a permanent restrictive covenant: "The Property

3

herein conveyed shall be joined together to create a single parcel ... and shall not be divided without the approval of the Common Council of the City of Milwaukee." (Exhibit A)

14. From that moment forward, "Lot 14" ceased to exist as a separate legal entity. No Common Council approval has ever been obtained to separate the lots.

15. On August 26, 2019, Cearra Warne conveyed the entire, unified parcel to Plaintiff Adrian Johnson by Warranty Deed (Document #10901423). Plaintiff Johnson became and remains the sole owner of record. (Exhibit B)

B. BCU's Knowledge and the Void Mortgage

16. In October-November 2020, while Mr. Johnson was incarcerated, Ms. Warne, acting as his Power of Attorney under Wis. Stat. § 244.48, applied for a loan with BCU.

17. On October 30, 2020, BCU's title agent, Accurate Title, emailed: "After further review this deed is no good. You cannot sign as POA to benefit yourself. It's called 'self-dealing' and it's not permissible." (Exhibit C)

18. On November 2, 2020, BCU Loan Officer Rob Seetan emailed: "A title insurer will not accept a deed transferred with a power of attorney ... this cannot be done as things are now." (Exhibit D)

19. Despite this actual knowledge, BCU funded the loan on December 9, 2020, and recorded Mortgage #11056143 against "LOT 14" only – a non-existent legal parcel. This mortgage is void ab initio under Wisconsin law. St. Patrick's Home v. Latreille, 267 Wis. 238, 242 (1954). (Exhibit E)

4

C. Plaintiffs' Good Faith Efforts After Mr. Johnson's Release

20. Mr. Johnson was released from prison in March 2022. He immediately formed Affordable Foundations LLC (June 4, 2022) to hold and manage real estate investments. (Exhibit F)

21. In May 2023, Mr. Johnson retained Attorney Thomas A. Camilli, Jr., who drafted a notarized "Agreement Regarding Sale of Real Estate" wherein Ms. Warne "forever relinquished and surrendered any and all interest in the property" to Mr. Johnson. (Exhibit G)

22. Plaintiffs provided this agreement to BCU. BCU refused to recognize Mr. Johnson's ownership. Defendant Wittlief responded: "Per our lawyer, this is an agreement between you two and we are not involved in it."

23. From March 2022 through September 2025, Mr. Johnson made regular payments of $225 per week to BCU, which BCU accepted without objection. Ms. Warne was not involved in those payments.

D. Racial Discrimination – "Liar and Beggar"

24. In June-July 2025, Defendant Wittlief stated to Mr. Johnson: "You're a liar and a beggar. We're not dealing with you. We're dealing with Cearra." Defendant Sosnay forwarded this communication to Mr. Johnson, thereby ratifying it. (Exhibit H)

25. White homeowners in comparable circumstances would not have been subjected to this treatment. A white homeowner whose POA arrangement created a title issue would have been dealt with directly, not threatened and demeaned. A white homeowner making payments

5

would have been credited, not evicted.

26.  Plaintiffs incorporate by reference the documented history of redlining and housing discrimination in Milwaukee, including the work of Vel Phillips and Matthew Desmond.  BCU's conduct occurred in Milwaukee's historically redlined 29th Street corridor.

E.  The Wrongful Foreclosure and Attempted Eviction

27.  On September 19, 2024, BCU commenced foreclosure against Ms. Warne only, listing Mr. Johnson as "John Doe Warne" – a deliberate exclusion.  Plaintiffs were never served with notice of the default judgment proceedings.  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

28.  On August 11, 2025, the property was sold at sheriff's sale to BCU for $56,000.  The Sheriff's Deed described only "Lot 14."

29.  On September 8, 2025, at the confirmation hearing, Defendant Sosnay stated: "Mr. Johnson, I don't believe, has any standing here today."  Mr. Johnson testified under oath that he had been making $250/week payments to BCU.

30.  On November 24, 2025, the Milwaukee County Circuit Court quashed BCU's Writ of Assistance, holding that the writ applied only to "Lot 14" and could not be used to evict Mr. Johnson from his home on Lot 13.

F.  The Extortion and Threats

31.  On November 8, 2025, Defendant Sosnay sent a formal letter

demanding Mr. Johnson pay BCU $57,000 for BCU to "sell" him back his own home on Lot 13 – property BCU never owned. (Exhibit I)

32. On December 3, 2025, in a recorded telephone call, Defendant Sosnay refused to clear title, stating BCU "does not want to pay you anything" and threatening "no one has changed the locks yet." (Exhibit J)

33. When Mr. Johnson persisted, Defendant Sosnay threatened: "If you continue to contact me or my client, I will seek an order from the court to have you held in contempt and jailed." (Exhibit K)

34. On December 12, 2026, Mr. Johnson contacted Defendant Swanson, a BCU Vice President. Defendant Swanson refused to review Mr. Johnson's documents, stating only: "Our attorney says we don't have to deal with you," and terminated the call. (Exhibit L)

G. Fraud Upon the Court – Backdating of Court Filing

35. On January 8, 2026, Mr. Johnson filed a motion to intervene in the state court foreclosure action (Case No. 24-CV-007570). Defendants' response was due within 20 days, or by January 28, 2026.

36. On January 28, 2026, at 5:20 PM, Defendant Sosnay emailed Mr. Johnson a copy of his opposition brief, stating it had been "submitted for filing today." (Exhibit M)

37. On January 29, 2026, Mr. Johnson appeared in court and was informed by the courtroom clerk that Defendant Sosnay had just come in that day to have the documents file-stamped. Mr. Johnson recorded this conversation. (Exhibit N)

7

38. Defendant Sosnay misrepresented to the court and to Mr. Johnson that his opposition was timely filed on January 28, when in fact it was not filed until January 29. This misrepresentation was intended to avoid a default judgment and to gain an unfair advantage. This conduct constitutes fraud upon the court, striking at the integrity of the judicial process. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944).

H. The State Court Victory and Continuing Bad Faith

39. On February 5, 2026, the Milwaukee County Circuit Court dismissed the entire foreclosure action, vacated the judgment, and set aside the sheriff's sale.

40. Despite this ruling, on February 6, 2026, Defendant Sosnay submitted a proposed order directing BCU to convey the property to Ms. Warne – a non-owner who had sworn she would not accept title. (Exhibit O)

41. On February 9, 2026, Ms. Warne filed a sworn affidavit stating: "I decline this conveyance. I do not want, and will not accept, title to this property. I have NEVER been the true owner of the Property." (Exhibit P)

42. On February 18, 2026, BCU quit-claimed the property to Ms. Warne, and Ms. Warne immediately quit-claimed it to Mr. Johnson's LLC.

43. On March 16, 2026, Defendant Sosnay sent an email to Ms. Warne offering to release the mortgage ONLY IF she dismissed the federal lawsuit. When Mr. Johnson responded copying BCU's president and regulators, Sosnay capitulated within two hours.

44. On March 17, 2026, BCU finally recorded a Satisfaction of

Mortgage (Document #11584692), admitting the mortgage was void.
(Exhibit Q)

## I. Damages

45. As a direct and proximate result of Defendants' conduct,
Mr. Johnson has suffered:
    a. Lost equity of at least $144,000 (fair market value of $200,000
       less BCU's $56,000 bid);
    b. Lost payments of $45,500 ($250/week for approximately
       3.5 years);
    c. Severe emotional distress, including anxiety, depression,
       insomnia, and over 867 hours of legal labor;
    d. Reintegration harm, including parole violations, incarceration,
       and missed family events.

46. Ms. Warne has suffered emotional distress, defamation, and legal
interference.

## IV. CLAIMS FOR RELIEF

## COUNT I: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS
(42 U.S.C. § 1983 – Against All Defendants)

47. Plaintiffs incorporate paragraphs 1-46.

48. Defendants acted under color of state law by knowingly misusing
Wisconsin court processes to deprive Mr. Johnson of his property rights
without notice or opportunity to be heard. Lugar v. Edmondson Oil Co.,
457 U.S. 922 (1982); Mullane, 339 U.S. at 314.

49. As a direct result, Mr. Johnson has suffered damages as set forth above.

## COUNT II:   RACIAL DISCRIMINATION IN CONTRACTING
### (42 U.S.C. § 1981 – Against All Defendants)

50. Plaintiffs incorporate paragraphs 1-49.

51. Defendants intentionally discriminated against Mr. Johnson on the basis of race by: (a) refusing to recognize his ownership interest; (b) refusing to contract or deal with him directly; (c) demeaning him as a "liar and beggar" (Ex. H); (d) foreclosing on property he owned while excluding him from the action; (e) accepting his payments but denying him any rights; (f) threatening him with contempt and jail; (g) refusing to clear title after judicial notice; and (h) conditioning release of the mortgage on dismissal of Ms. Warne's claims while continuing to refuse to deal with Mr. Johnson.

52. Race was a but-for cause of Defendants' conduct. Comcast Corp. v. NAACP, 140 S. Ct. 1009, 1014 (2020).

53. Mr. Johnson is entitled to compensatory and punitive damages under § 1981.

## COUNT III:   RACIAL DISCRIMINATION IN PROPERTY RIGHTS
### (42 U.S.C. § 1982 – Against All Defendants)

54. Plaintiffs incorporate paragraphs 1-53.

55. Defendants deprived Mr. Johnson of the same right to hold and convey real property as is enjoyed by white citizens. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 420-21 (1968); City of Memphis v. Greene,

451 U.S. 100, 120 (1981).

56. Mr. Johnson is entitled to compensatory and punitive damages under § 1982.

COUNT IV: FAIR HOUSING ACT – DISPARATE TREATMENT AND IMPACT
(42 U.S.C. §§ 3601, 3604, 3617 – Against BCU and Individual
Defendants)

57. Plaintiffs incorporate paragraphs 1-56.

58. Defendants' conduct – including the "liar and beggar" comment, the refusal to deal with Mr. Johnson, the aggressive foreclosure, and the conditional release offer – constitutes intentional discrimination based on race. 42 U.S.C. § 3604.

59. BCU's practice of originating loans and foreclosing based on street addresses without verifying legal descriptions has a disparate impact on Black homeowners in Milwaukee due to historical redlining. Texas Dept. of Housing & Cmty Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519, 545 (2015).

60. Plaintiffs request that the Court take judicial notice of Milwaukee's documented history of housing discrimination.

61. Mr. Johnson is entitled to actual and punitive damages under the Fair Housing Act. 42 U.S.C. § 3613(c).

COUNT V: SLANDER OF TITLE
(Wis. Stat. § 706.13 – Against All Defendants)

62. Plaintiffs incorporate paragraphs 1-61.

63. Defendants submitted for recording false statements concerning Plaintiffs' title – including the void mortgage, foreclosure judgment, sheriff's deed, and fraudulent proposed order – asserting a lien or interest in Lot 13 that they did not possess.

64. Under Wis. Stat. § 706.13(1), any person who records an instrument "who knows or should have known that the contents … are false, a sham or frivolous, is liable … for punitive damages of $1,000 plus any actual damages."

65. Defendants knew the mortgage was void (Exs. C, D) but refused to correct the record. Plaintiffs are entitled to $1,000 in punitive damages per violation plus actual damages.

COUNT VI:  QUIET TITLE
(Wis. Stat. § 841.01 – Against All Defendants)

66. Plaintiffs incorporate paragraphs 1-65.

67. Mr. Johnson holds clear record title to the property through Affordable Foundations LLC.

68. Defendants claim adverse interests that are without right, void, or extinguished. An actual controversy exists.

69. Under Wis. Stat. § 841.01, Plaintiffs are entitled to a judgment declaring Mr. Johnson the sole owner and quieting title against all adverse claims.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Wisconsin Common Law – Against All Defendants)

70. Plaintiffs incorporate paragraphs 1-69.

71. Defendants' conduct – calling Mr. Johnson a "liar and beggar," threatening him with jail, stating "no one has changed the locks yet," attempting to evict him from his home, backdating a court filing, and refusing to clear title – was extreme and outrageous. Alsteen v. Gehl, 21 Wis. 2d 349, 359-60 (1963).

72. Mr. Johnson has suffered severe emotional distress as set forth above. Ms. Warne has suffered emotional distress from defamation and legal interference.

## COUNT VIII: CIVIL CONSPIRACY
### (Wisconsin Common Law – Against All Defendants)

73. Plaintiffs incorporate paragraphs 1-72.

74. Defendants acted in concert to deprive Mr. Johnson of his property through void loan origination, wrongful foreclosure, refusal to clear title, fraudulent pleadings, and backdating. Winebow, Inc. v. Capitol Hous. Dev., Inc., 2016 WI App 79, ¶36.

## COUNT IX: FRAUD UPON THE COURT
### (Inherent Judicial Power – Against Sosnay and Darnieder & Sosnay)

75. Plaintiffs incorporate paragraphs 1-74.

76. Defendant Sosnay's misrepresentation concerning the filing date

of his opposition brief (Exs. M, N) was an intentional scheme to deceive the court. Hazel-Atlas, 322 U.S. at 246.

77. This conduct warrants severe sanctions, including monetary penalties and referral for professional discipline. United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002).

## COUNT X:  UNJUST ENRICHMENT / RESTITUTION
(Wisconsin Law – Against BCU)

78. Plaintiffs incorporate paragraphs 1-77.

79. Mr. Johnson conferred a substantial benefit upon BCU by making regular payments totaling approximately $45,500. BCU knowingly accepted and retained these payments.

80. It would be inequitable for BCU to retain the payments without crediting them or refunding them. Watts v. Watts, 137 Wis. 2d 506, 530, 405 N.W.2d 303 (1987).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Adrian Johnson and Cearra R. Warne respectfully request judgment against Defendants, jointly and severally:

A.  Equitable Relief

1.  A declaratory judgment that Mortgage #11056143 is void ab initio;
2.  An order quieting title to 2931 N. 29th Street, Milwaukee, Wisconsin (Lots 13 and 14, Block 4, Cawker's Subdivision "A") in Plaintiff Adrian Johnson, free and clear of any claims by Defendants.

Case 2:26-cv-00821-WED    Filed 05/08/26    Page 14 of 17    Document 1

**B. Statutory Damages**

3. Under Wis. Stat. § 706.13: $1,000 per violation (mortgage, foreclosure judgment, sheriff's deed, and fraudulent proposed order – 4 violations) = $4,000

**C. Compensatory Damages**

4. For Mr. Johnson: $689,500 (lost equity $144,000 + payments $45,500 + emotional distress $500,000)
5. For Ms. Warne: $250,000 (emotional distress, defamation, and legal interference)

Total Compensatory Damages: $939,500

**D. Punitive Damages**

6. Against all Defendants for malicious, willful, and wanton conduct, including fraud upon the court and racial discrimination: $2,000,000

**E. Total Damages Sought**

$2,943,500 plus quiet title, costs, fees, and pre- and post-judgment interest.

**F. Costs and Fees**

7. Costs of suit;
8. Attorneys' fees under 42 U.S.C. § 1988 and applicable law;

15

9. Pre-judgment and post-judgment interest.

## VI. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 8th day of May, 2026.

_____

Adrian Johnson, Pro Se
2931 N. 29th Street
Milwaukee, WI 53210
(414) 550-5783
johnsona0908@gmail.com


_____

Cearra R. Warne, Pro Se
PO BOX 85
SHEBOYGAN WI
53081

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, a true and correct copy of the foregoing Complaint was served upon all Defendants via first-class mail, postage prepaid, addressed as follows:

Brewery Credit Union
1351 Dr. Martin Luther King Jr. Dr
Milwaukee, WI 53212

Kristin Brojanac
1351 Dr. Martin Luther King Jr. Dr
Milwaukee, WI 53212

Darnieder & Sosnay

735 N. Water Street, Suite 205

Milwaukee, WI 53202

Matthew Swanson

1351 Dr. Martin Luther King Jr. Drive

Milwaukee, WI 53212

Michael A. Sosnay

735 N. Water Street, Suite 205

Milwaukee, WI 53202

Renae Wittlief

1351 Dr. Martin Luther King Jr. Drive

Milwaukee, WI 53212

_____

Adrian Johnson

## EXHIBITS

A  2018 City Quit Claim Deed (Document #10816439) – Lots 13 & 14 merged

B  2019 Warranty Deed (Document #10901423) – Warne to Johnson

C  Oct. 30, 2020 Accurate Title email ("deed is no good")

D  Nov. 2, 2020 Rob Seetan email ("cannot be done as things are now")

E  2020 Mortgage (Document #11056143) – recorded against "Lot 14" only

F  Affordable Foundations LLC Articles of Organization (June 4, 2022)

G  May 2023 Agreement (Camilli) – Warne relinquishes all interest

H  June 2025 email chain – "liar and beggar" (Wittlief/Sosnay)

I  Nov. 8, 2025 Sosnay demand letter ($57,000 for Lot 13)

J  Dec. 3, 2025 Recorded Call Transcript ("no one has changed the locks yet")

K  Dec. 2025 Sosnay email – threat of contempt and jail

L  Jan. 12, 2026 VP Call Transcript – Swanson: "Adrian I'm hanging up"

M  Jan. 28, 2026 Sosnay email – "submitted for filing today" (backdating)

N  Jan. 29, 2026 Audio/Transcript – clerk confirms Sosnay filed late

O  Feb. 6, 2026 Sosnay fraudulent proposed order (after dismissal)

P  Feb. 9, 2026 Cearra Warne Affidavit – "I have NEVER been the true owner"

Q  March 17, 2026 Satisfaction of Mortgage (Document #11584692)