**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ADRIAN JOHNSON and**
**CEARRA R. WARNE,**

**Plaintiffs,**

**v.** **Case No. 26-CV-821**

**BREWERY CREDIT UNION, *et al.*,**

**Defendants.**

---

# RECOMMENDATION AND ORDER

---

On May 8, 2026, Adrian Johnson and Cearra R. Warne filed a complaint against the Brewery Credit Union, Darnieder & Sosnay, Michael A. Sosnay, Kristin Brojanac, Matthew Swanson, and Renae Wittlief. (ECF No. 1.) Johnson and Warne allege due process violations, racial discrimination in contracting and property rights, Fair Housing Act violations, and multiple state law claims. (ECF No. 1, ¶¶ 47–80.) They request damages and an order quieting title. (ECF No. 1 at 14–16.)

Plaintiffs have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 2, 7.)

On June 2, 2026, the court received a handwritten letter signed by plaintiff Johnson stating that he served the defendants on May 28, 2026, via certified mail. (ECF No. 5.) However, certified mail is generally not an acceptable method of service under Wisconsin law. *See* Fed. R. Civ. P. 4(e), (h); Wis. Stat. § 801.11(5).

Under Federal Rule of Civil Procedure 4(m), defendants must be served within ninety days after the complaint is filed. That ninety-day window expired in this case on August 6, 2026.

On August 12, 2026, the court ordered the plaintiffs to show cause as to why service was not properly completed within the statutorily afforded time. (ECF No. 8.) On September 3, 2026, the plaintiffs filed a motion for extension of time to effectuate service. (ECF No. 9.) The court granted the motion and set October 7, 2026, as the deadline for the plaintiffs to demonstrate that they properly served the defendants. (ECF No. 10.) That deadline has now passed, and plaintiffs have not demonstrated that the defendants were served.

After commencing a federal lawsuit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "If…the district court finds that the plaintiff has not met that burden [to perfect service within ninety days of filing the

complaint] and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011); *see also* Fed. R. Civ. P. 4(m).

Finding that plaintiffs failed to meet their burden of establishing service on any defendant, the court may dismiss the action against them without prejudice or order that service be made within a specific time. Fed. R. Civ. P. 4(m). The plaintiffs have already been given an extension, and no good cause exists here to give them another. Plaintiffs have not requested more time to effectuate service nor have they explained why they need more time despite being warned that the action could be dismissed. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1007 (7th Cir. 2011) (considerations in granting extensions include prejudice against defendants, if extensions were requested, and if service was diligently pursued). Accordingly, the court will not further extend the time for plaintiffs to complete service on the defendants.

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

[Signature Page Follows}

Dated at Milwaukee, Wisconsin this 16th day of October, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge